J. H. REESE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18404.   Promulgated April 5, 1929.

*W. A. Bolinger, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LITTLETON: The question here is as to the results which follow from the failure of the Commissioner to mail to the taxpayer a notice, as provided in section 274 (a) of the Revenue Act of 1926, within 60 days after the jeopardy assessment of the tax for 1920 and, also, within the 5-year period of limitation for the determination, assessment and collection of a tax for that year. Subsections (a) and (b) of section 279 of the Revenue Act of 1926 provide:

.(a) If the Commissioner believes that the assessment or collection of a deficiency will be jeopardized by delay, he shall immediately assess such deficiency (together with all interest, additional amounts, or additions to the tax provided for by law) and notice and demand shall be made by the collector for the payment thereof.

(b) If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under subdivision (a) of section 274, then the Commissioner shall mail a notice under such subdivision within 60 days after the making of the assessment.

In this case the jeopardy assessment was made two days before the 5-year statute of limitation expired and the notice required by the statute was not mailed to the taxpayer until May 13, 1926, which date was the sixty-first day after the making of such assessment and 5 years and 59 days after the return for 1920 was filed.

The petitioner contends that as a result of the failure of the Commissioner to mail the required notice within 60 days the jeopardy

assessment is invalidated and, accordingly, bars the collection of the tax at this time. We are of the opinion that the claim of the petitioner under the facts in this case is correct. We do not have here a situation where a jeopardy assessment was made within the 5-year period of limitation and the notice was mailed more than 60 days thereafter, but still within the 5-year period. Nor do we have the situation where the assessment was made within the 5-year period and the notice mailed after the 5-year period but within 60 days after the date of the assessment. What the result would be in either of these situations we neither discuss nor decide. It is enough to say that in this case the Commissioner did not act in time to prevent the falling of the bar of the statute of limitation against collection. The mere making of a jeopardy assessment within the 5-year limitation period gives no right of collection when the notice required by the statute is not mailed until after the expiration of the 60-day period and beyond the 5-year period of limitation for the determination, assessment and collection of the tax. The mailing of the notice is necessary to make the jeopardy assessment enforceable. Section 274 (a) provides for the mailing by the Commissioner of a notice to the taxpayer of his determination of a deficiency and, further, that " Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final." This section further provides that " the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

Section 278 (e) of the Revenue Act of 1926 provides that the 6-year period for collection, after a timely assessment, shall not apply if such assessment or collection is undertaken " contrary to the provisions of subdivision (a) of section 274 of this Act."

None of the provisions of the statute can possibly be construed to give the Commissioner 5 years and 61 days to complete a valid assessment of a deficiency so as to authorize him to make collection thereof. The situation here is in substance no different from the situation where the Commissioner, not having made a jeopardy assessment, fails to mail a deficiency notice prior to the expiration of 5 years from the date the return was filed.

Reviewed by the Board.

> *Judgment will be entered holding the deficiency here in controversy barred by the statute of limitations.*